EeeemaN, J.,
delivered the opinion of the Court.
This is a bill filed by E. D. Smith, for himself and G. K. Smith, by said F. D. Smith, as his next friend, to have a note for $217 declared void, and cancelled, for usury, or having been given without consideration; and also, to have paid back to complainants the sum of $83, alleged to have been paid as usurious interest.
The facts of the case on which the judgment of the court rests are, that in 185 — , Price, and one Simpson, sold to Wm. J. Smith, mules for $1,500, -and took his note for them, with G. K. Smith as surety. When the note fell due it was sued on, and judgment recovered in the Circuit Court of Wilson County, June Term, 1860, and appeal taken to the Supreme Court, where the judgment was affirmed at the next Term of that Court. T. C. Word and E. Smith were the securities for the appeal to this Court.
The interest of Simpson in this judgment, after its recovery, was transferred to one John Kelly, who is since dead, and whose representative is a defendant.
It appears, that after the judgment in this case in the Supreme Court, Wm. J. Smith, the principal in the note, sold his land and moved off, and left the notes of Messrs. *295 Quarles, given for his land, in the hands of F. D. Smith, to pay off the judgment. These notes were, it seems, due at various intervals, up to October 1st, 1862.
The proof shows, that when the execution on the judgment was issued, and the money about to be made under it, out of G. K. Smith, the surety, the Smiths sent witness Harris, to see Price and Kelly, to make an arrangement to pay the debt in notes, and offered these notes on Quarles in payment of the judgment. The owners of the judgment seemed unwilling to take the notes, preferring the money; and, as they say in their answer, felt the uncertainty of the times, the war having commenced. The money could then be made, and they were in no condition to give time to the parties in said judgment. After some negotiation, it was ultimately agreed, that if the Messrs. Quarles would give new notes in lieu of the land notes, payable to one of the Smiths, and he would endorse the notes to Price and Kelly, and pay $300 difference between the amount of the judgments and the said notes, the-judgment should be satisfied. For this difference, the $217 note was given, and the $83 in money paid, and thereupon the execution was satisfied.
It is very earnestly insisted, that this amount of $300 wras usurious; and if not so, the note -was without consideration, having been given by G-. K. Smith, the surety in the original note, and F. D. Smith.
We cannot assent to the proposition, that this note was of itself usurious. “Interest is the compensation which may be demanded by the lender from the borrower, or the creditor from the debtor, for the use of money:” Code, § 1943.
*296 By section 1944, “the amount of said compensation shall be at the rate of six dollars for the use of one hundred dollars for one year; every excess over that rate is usury.”
The note in this ease was not given for the loan of money, nor was it compensation to the creditor from the debtor, for the use of money, nor is it for forbearance in the collection of his debt, but was a bona jich transaction, a simple mode of payment of a debt reduced to a judgment. The debt itself was satisfied and extinguished- by the payment of the notes of the Messrs. Quarles; the parties fairly agreed upon and fixed the value of the notes, which were given and received in discharge of the judgment; and we can not say from the facts and circumstances of the case, that the bargain was even a hard or unreasonable one, Avhen we take into consideration the matters stated in the answer and the proof, as entering into and making ujd the elements that fairly might have been considered by the parties, affecting the value of the securities thus taken.
The notes had considerable time to run; an attorney’s fee might be fairly calculated upon, to be paid for their collection, and delay as the result of collection by law.
In addition to this, the party had the security and lien of his Supreme Court judgment, against the parties to the note, and- the sureties for the appeal; both of which were given up for the simple, notes, and indorsements on them. "We can see no device to evade the usury laws in this transaction, nor violation of their letter or spirit.
The case of Campbell v. Read, Martin and Yer. R,., 392, would seem at first blush to militate against this view, but on examination of the opinion of the Court in that *297 case, it will be seen that the jury found as a fact, “that the intention of the indorsement, (the contract sought to be avoided,) was to obtain an exorbitant interest, on the part of the lender, and to evade the statute against usury.” p. 393. : .
No such intention appears in this case; and we think the Supreme Court of Kentucky have laid down the proper rule: “That the purchase of a note at a rate of discount exceeding six per cent, per annum, is not usurious; and the receipt of such note in payment of a pre-existing debt, stands on the same footing,” no intention to evade the usury laws being shown, or purposed by the parties. Oldham v. Turner, 3 B. Monroe R.., 68.
As to the question that there was no consideration for the note of $217, we need only say, that the satisfaction of the Supreme Court judgment, and the extinguishment of its statutory lien, and the loss of the liability of the sureties on the bond for appeal in that case, were ample consideration to support the contract to pay, agreed upon in said note.
The Chancellor held this note to be usurious, and ordered it to be cancelled, but refused 'to decree in favor of complainants as to the $83. We reverse the decree of his Honor as to the note, and. affirm it as to the $83; and direct that ¿complainants bill be dismissed, and that they pay the costs of the' Court b^low, and of this Court.